## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

DERRICK SWEETING,                    :    Case No. 1:25-cv-863
                                     :
    Plaintiff,                    :
                                     :
                                     :    District Judge Douglas R. Cole
vs.                                  :    Magistrate Judge Elizabeth P. Deavers
                                     :
CYNTHIA DAVIS, *et al.*,             :
                                     :
    Defendants.                   :
                                     :

## ORDER AND REPORT AND RECOMMENDATIONS

Plaintiff, a prisoner at the Southern Ohio Correctional Facility ("SOCF"), has filed a pro se civil rights complaint in this Court against Defendants Warden Cynthia Davis, Inspector A. Hockett, Unit Manager Brabson, Sgt. Terry (property room), Major Bell (Theft Lost Report), Sgt. Chinn (K-7 property pack up), Roger Steel (cashier's office), and Inspector Kevin Parker, all with SOCF.  (ECF No. 1-1, PageID# 11).  By separate Order Plaintiff has been granted leave to proceed *in forma pauperis*.  (ECF No. 8).

This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).  Also before the Court is Plaintiff's Motion for Declaration (ECF No. 5) and his Motion Requesting Status Updates (ECF No. 6).  The Undersigned addresses each in turn.

## I. SCREENING PLAINTIFF'S COMPLAINT

### A. Screening Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, 28 U.S.C. § 1915(e) requires sua sponte dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). *See also* § 1915A(b).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to a review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Although this pleading standard does not require "detailed factual allegations," it does require more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks

2

omitted). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

A plaintiff's allegations are "accepted as true." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). But a court need not accept factual allegations that are "fantastic or delusional." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327-28). Further, pro se complaints are held "to less stringent standards" than a formal pleading drafted by a lawyer. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). A pro se plaintiff's pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This "lenient treatment has limits," however, because "courts should not have to guess at the nature of the claim asserted." *Frengler v. G.M.*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) (additional citations omitted).

## B. Plaintiff's Allegations

Plaintiff first alleges that Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker failed to replace his television despite non-defendant Chief Inspector Morrow affirming Plaintiff's grievance to replace the television. (Complaint, ECF No. 1-1, PageID# 12). Plaintiff alleges that these Defendants were responsible for replacing his television and were negligent in

failing to do so. (*Id.*).  Plaintiff alleges that he was not on "TV restriction" and that there is no policy against television use for prisoners on tablet restrictions. (*Id.*).

Plaintiff alleges that he submitted an informal grievance to Defendant Brabson, who determined that Plaintiff had signed his property sheet and denied the grievance. (*Id.* at PageID# 10).  Plaintiff alleges that he was then sent to the "hole" for submitting a false ticket. (*Id.*).  Plaintiff alleges that he appealed the denial, which resulted in Defendant Parker affirming Brabson's decision for the same reasoning. (*Id.*).

Plaintiff next alleges that Defendant Steel stole Plaintiff's $3,200 government stimulus check from the IRS, resulting in fraud. (*Id.* at PageID# 12).  Plaintiff alleges that Defendant Davis was aware of the issue but failed to fix it and that she enforces broken policies. (*Id.*).

Plaintiff alleges in sum that Defendants deprived him of his television; that when he tried to get his television replaced, Defendant Brabson posted false sanctions against him as retaliation for submitting a grievance; that Defendant Steel stole government money from him; and that Defendant Davis failed to correct these issues. (*Id.* at PageID# 10-13).

Plaintiff seeks monetary and injunctive relief. (*Id.* at PageID# 13).

## C. Discussion

The Undersigned understands Plaintiff to be raising the following claims:

1. Retaliation claim against Defendant Brabson for allegedly sending Plaintiff to "the hole" as retaliation for filing a grievance about his missing television;

2. Negligent deprivation of property claims against Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker for allegedly failing to return Plaintiff's television, despite Chief Inspector Morrow's decision otherwise;

3. Failure to investigate claims against Defendants Parker and Davis;

4. Supervisor liability claims against Defendant Davis for allegedly being aware of and then failing to correct the other Defendants' actions; and

4

5. Unrelated fraud claims against Defendant Steel for allegedly stealing Plaintiff's government stimulus check and against Defendant Davis for being aware of the fraud but failing to correct it.

At this stage of the proceedings and without the benefit of further briefing by the parties, the Undersigned concludes that Plaintiff's retaliation claim against Defendant Brabson **may PROCEED** in an abundance of caution. Under liberal construction, Plaintiff has pleaded sufficient facts to warrant further development of his retaliation claim against Brabson. *See Erickson*, 551 U.S. at 94 (citing *Estelle*, 429 U.S. at 106). Although Plaintiff does not allege exact dates for these incidents, his exhibits show that he started the grievance process to get back his television in July 2025. (Complaint, ECF No. 1-1, PageID# 14-21).[1] The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

Additionally, Plaintiff's unrelated fraud claim against Defendant Steel and the connected supervisor liability claim against Defendant Davis should be **SEVERED**. Plaintiff's remaining claims, including any official capacity claims for monetary damages, should be **DISMISSED** for the failure to state a claim upon which relief may be granted, as explained below.

---

[1] Plaintiff attaches copies of exhibits to his Complaint. These exhibits are considered a part of the Complaint "for all purposes." Fed. R. Civ. P. 10(c). *See Fishman v. Williams*, No. 14-cv-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schs.: Adult Educ. Div.*, No. 19-cv-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to [the plaintiff's] Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). However, the Court declines to comb through the exhibits to raise new claims or make legal arguments for Plaintiff. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

1. *Official Capacity Claims for Monetary Damages*

To the extent that Plaintiff seeks money damages from Defendant Brabson in his official capacity, the Eleventh Amendment bars recovery of monetary relief against state employees in their official capacities. *Maben v. Thelen*, 887 F.3d 252, 270-71 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985)). States are immune from damage suits absent an express waiver, and the State of Ohio has not made such a waiver. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (citations omitted); *Cook v. Trostel*, No. 2:23-cv-2314, 2024 WL 4451535, at *3 (S.D. Ohio July 12, 2024) (citations omitted). Although Plaintiff does not indicate in which capacity he is suing Brabson, Plaintiff does seek monetary relief. (Complaint, ECF No. 1-1, PageID# 13). Brabson is immune from suit in his official capacity to the extent that Plaintiff seeks monetary damages. As a result, any request for monetary relief against Brabson in his official capacity should be **DISMISSED** for the failure to state a claim upon which relief may be granted.

2. *Retaliation Claims Against Other Defendants*

To the extent that Plaintiff intended to raise retaliation claims against *all* named Defendants, not just Defendant Brabson, such allegations fail to state a plausible claim for relief. Plaintiff's conclusory allegations that Defendants retaliated against him (*see* Complaint, ECF No. 1-1, PageID# 12-13), without any further factual enhancement, are insufficient to meet the basic pleading standards under Federal Rule of Civil Procedure 8(a). *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. While Plaintiff may proceed with his retaliation claim against Brabson, any retaliation claims against the other named Defendants should be **DISMISSED**.

3. *Negligent Deprivation of Property Claims*

6

To the extent that Plaintiff intended to raise claims against Defendants because they deprived him of his personal property without due process of law, Plaintiff fails to state a claim upon which relief may be granted.  Prisoners do not have a fundamental right to personal property. *Taylor v. Chambers-Smith*, No. 2:23-cv-2956, 2025 WL 2451151, at *5 (S.D. Ohio Aug. 26, 2025) (citing *Johnson v. Miron*, No. 2:11-cv-6, 2011 WL 489778, at *4 (W.D. Mich. Feb. 7, 2011); *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990)).  The United States Supreme Court has held that a plaintiff "deprived of property through a random and unauthorized act" of a governmental employee does not state a due process claim "merely by alleging the deprivation of property." *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12-cv-194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Cap., L.P. v. Bd. of Cnty. Comm'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007); *Parratt v. Taylor*, 451 U.S. 527, 542-43 (1981)).  To state a cognizable deprivation of property claim, a plaintiff must plead "that state remedies for redressing the wrong are inadequate." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 650 (S.D. Ohio Mar. 31, 2023) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983)).  Deprivation of property claims should be dismissed where a plaintiff has failed to allege "any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong." *Thompson v. Esham*, No. 1:15-cv-553, 2016 WL 692542, at *1 (S.D. Ohio Feb. 22, 2016) (citing *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)); *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985).  And as other courts in this District have found, Ohio state law provides an adequate remedy for the deprivation of personal property. *E.g.*, *Black v. ODRC*, No. 1:23-cv-404, 2023 WL 5671817, at *3-4 (S.D. Ohio Sept. 1, 2023), *report and recommendation adopted*, 2025 WL 332676 (S.D. Ohio Jan. 29, 2025), (quoting *Mason v. Wal-Mart Corp.*, No. 2:14-cv-446, 2015 WL 1197916, at *10 (S.D. Ohio Mar. 16, 2015)); *Carr v. Vill. Of Greenhills*, No. 1:14-cv-994,

2015 U.S. Dist. LEXIS 15253, at *9 (S.D. Ohio Jan. 9, 2015) (citing *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)).

Plaintiff here alleges that Defendants failed to return his television, negligently depriving him of his property, but he does not allege that Ohio's post-deprivation remedies are insufficient to remedy this situation. (*See* Complaint, ECF No. 1-1, PageID# 10-13). Because Plaintiff fails to meet the required pleading standards, his deprivation of property claims should be **DISMISSED**.

   4. *Failure to Investigate Claims Against Defendants Parker and Davis*

To the extent that Plaintiff alleges that Defendants Parker and Davis failed to investigate his grievances or that he challenges the outcome of the prison grievance process, such allegations fail to state a claim upon which relief may be granted. A prisoner has an "undisputed First Amendment right to file grievances against prison officials on his own behalf." *Maben*, 887 F.3d at 564 (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). But "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases). A prison official whose only role "involve[s] the denial of administrative grievances or the failure to act" to remedy the alleged unconstitutional behavior is not liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"). Allegations that a prison official failed to investigate a prisoner's grievance or that the prison grievance process failed to produce the right outcome therefore fail to state a plausible claim for relief.

Plaintiff alleges that when he filed a grievance to Defendant Parker, Parker "did nothing but go with the staff's decision." (Complaint, ECF No. 1-1, PageID# 10). Parker failing to act or

doing "nothing" about Plaintiff's grievance is insufficient to state a plausible claim for relief. *See Shehee*, 199 F.3d at 300. Similarly, Plaintiff alleges that Defendant Davis was aware of the issues but failed to correct anything (*id.* at PageID# 12), which is likewise insufficient to show more than a mere failure to act. Plaintiff does not allege that he was prevented from filing grievances and instead appears to challenge the result of the prison grievance process or with Davis and Parker failing to act. Accordingly, any failure to investigate claims against Parker and Davis fail to state a plausible claim for relief and should be **DISMISSED**.

    5. *Supervisor Liability Claims Against Defendant Davis*

Plaintiff fails to state a plausible claim for relief against Defendant Davis in her role as a supervisor because he fails to allege any facts to indicate that Davis engaged in active unconstitutional conduct. The doctrine of *respondeat superior* does not apply in § 1983 claims to impute liability on supervisory personnel. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 764 (E.D. Mich. June 19, 2009) (citation omitted). Instead, defendants sued in their personal capacities under § 1983 are "liable only for their *own* unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)). A plaintiff must allege that the supervising official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Graves v. Malone*, 810 F. App'x 414, 420 (6th Cir. 2020) (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)).

Plaintiff fails to make any such allegations against Defendant Davis. Although Plaintiff alleges that Davis was "aware" of the issues, he fails to allege any facts that Davis engaged in active unconstitutional conduct. *See Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citations omitted) ("[S]imple awareness of employees' misconduct does not lead to supervisor

9

liability."). And as noted above, the mere failure to act is insufficient to state a constitutional claim under § 1983. *Shehee*, 199 F.3d at 300. Davis cannot be held liable for the actions of a subordinate, and any supervisor liability claims against her should be **DISMISSED**.

### 6. *State Law Claims*

To the extent that Plaintiff intended to raise state-law negligence claims or state-law infliction of emotional distress claims (whether negligent or intentional), Plaintiff fails to state a plausible claim for relief. Plaintiff alleges that Defendants were negligent in failing to return his television (Complaint, ECF No. 1-1, PageID# 12) and alleges that he suffered emotional stress from the incidents (*id.* at PageID# 13), without further factual enhancement of the essential elements of these state-law claims. These conclusory allegations are mere threadbare assertions that are insufficient to meet the basic pleading standards under Federal Rule of Civil Procedure 8(a). *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. Accordingly, Plaintiff's state-law claims should be **DISMISSED without prejudice**.

### 7. *Misjoined Fraud Claims*

Plaintiff also raises an unrelated fraud claim against Defendant Steel for allegedly taking Plaintiff's government stimulus check, and he alleges that Defendant Davis was aware of the fraud but failed to correct it. This claim is misjoined in this lawsuit and should be dismissed.

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the

Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Federal Rule of Civil Procedure 21, courts have "broad discretion 'to order a severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor*, 661 F. Supp. 2d at 781 (citation omitted). For misjoined claims or defendants, "a court has two options: it may (1) drop misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (citing Fed. R. Civ. P. 21; *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017)). A court may exercise discretion to select the parties to drop or the claims to sever. *Id.* (citations omitted); *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) ("the proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice" (citing Fed. R. Civ. P. 21) (additional citation omitted)).

Plaintiff fails to allege any facts to tie the fraud claim to the basis of this lawsuit—that the other Defendants refused to return Plaintiff's television and that Defendant Brabson retaliated against him for filing grievances about the issue. (*See* Complaint, ECF No. 1-1, PageID# 10-13). Plaintiff has not shown that the check fraud allegations arise from the same transaction or occurrence as the television claims or that it relies on the same material facts to warrant joinder. And as discussed above, Plaintiff has failed to state any other plausible claims for relief against Defendant Davis. Plaintiff's unrelated fraud claim against Steel for allegedly stealing Plaintiff's government stimulus check and Davis's awareness of that alleged fraud involve distinct factual allegations and therefore should be **SEVERED** from this action. *Proctor*, 661 F. Supp. 2d at 781 (citing Fed. R. Civ. P. 21). The Undersigned **RECOMMENDS** that this claim be **DISMISSED**

**without prejudice** to Plaintiff re-filing a separate action including such claim if he so wishes. Fed. R. Civ. P. 20(a)(2), 21; *Harris*, 2022 WL 3053496, at *6.

Additionally, Plaintiff fails to allege any other facts against Steel. (*See generally* ECF No. 1-1). Because Plaintiff fails to state a related plausible claim for relief against Defendant Steel, he should be **DISMISSED** as a defendant in this action.

## II.   MOTION FOR DECLARATION

On December 26, 2026, Plaintiff filed a "Motion for Declaration," seeking a temporary restraining order ("TRO") against Defendants. (ECF No. 5, PageID# 49-51). Plaintiff alleges that Defendant Davis ordered her assistant, B. Trelka, to reveal identifying information about Plaintiff's family member on a conduct report, which could "cause threats, death if the wrong staffs get a hold of this information." (*Id.* at PageID# 49-50). Plaintiff also seeks a transfer to a different security level and for the Court to lift his 90-day phone restriction. (*Id.* at PageID# 51).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a strong likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citation omitted); *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991) (citation omitted). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736 (citing *United Food & Commercial Wkrs. Union, Loc. 1099 v. Sw. Ohio Reg'l*

12

*Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998); *McPherson v. Mich. High Sch. Ath. Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997)). Courts must also consider whether the purpose behind preliminary injunctions—to preserve the status quo until a trial on the merits can be held—will be served in granting such a request. *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848 (6th Cir. 2017) (*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). A preliminary injunction is an extraordinary remedy that should be granted only "upon a clear showing that the plaintiff is entitled to such relief." *Great Lakes Brewing Co.*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *Leary*, 228 F.3d at 739 (citation omitted) (noting that a preliminary injunction should only be granted when the circumstances "clearly demand it").

A preliminary injunction is not warranted here because the purpose of a preliminary injunction would not be served. According to Plaintiff, the present status quo in this case is that he has suffered violations of his constitutional rights, including a retaliation claim for filing a grievance. One remedy Plaintiff presently seeks, a transfer to "Level 3A" from his current "Level 4A," is more than an injunction maintaining the status quo. And Plaintiff seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See Great Lakes Brewing Co.*, 860 F.3d at 849. Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion for Declaration and his TRO request be **DENIED**.

### III.  MOTION REQUESTING STATUS UPDATES

On February 6, 2026, Plaintiff filed a motion seeking an update on this proceeding. (ECF No. 6, PageID# 62-63). Plaintiff also states that he attempted to contact attorney Jan Dils to represent him. (*Id.*). Plaintiff stated previously that Dils could represent him in this case, attempting to enter an appearance on behalf of the attorney. (ECF No. 2, PageID# 38-43). On December 11, 2025, this Court directed attorney Dils to enter an appearance within thirty days *if* Dils planned to represent Plaintiff in this matter. (ECF No. 3, PageID# 45). That time has passed. With no response nor notice of appearance from said counsel, Plaintiff must proceed pro se, without the assistance of counsel.

To the extent that Plaintiff's filings could be construed as a request for representation (*see generally* ECF Nos. 2, 6), such request is denied. Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). A court has discretion to appoint counsel in civil matters, but the appointment of counsel is a "privilege that is justified only by exceptional circumstances." *Lanier*, 332 F.3d at 1006 (citing *Lavado*, 992 F.2d at 604-06). The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture. Plaintiff's case is in the early stages of development and the Undersigned declines to exercise discretion to appoint counsel at this time. Plaintiff's request for counsel is **DENIED without prejudice**.

Further, because this Order and Report and Recommendation serve as a status update, Plaintiff's motion requesting the same (ECF No. 6) is **DENIED as MOOT**.

IV. <u>CONCLUSION</u>

For these reasons, Plaintiff's retaliation claims against Defendant Brabson may **PROCEED** for further development at this juncture.  Plaintiff's remaining claims, however, should be **DISMISSED**.  Additionally, Plaintiff's request for preliminary injunctive relief (ECF No. 5) should be **DENIED**; and his motion for status updates (ECF No. 6) is **DENIED as MOOT**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may **PROCEED** with his retaliation claim against Defendant Brabson, except to the extent that Plaintiff seeks monetary relief from Brabson in his official capacity.

2. If Plaintiff wishes the United States Marshals to effectuate service, he must submit a complete copy of the Complaint together with copies of the exhibits for Defendant Brabson.  Plaintiff must also submit an individual service form and United States Marshals summons form (USM-285 form) for Defendant Brabson.  To proceed, Plaintiff must submit a service copy of the Complaint and attached exhibits and submit the service and summons forms for Defendant Brabson **WITHIN 30 days** of the date of this Order with a motion to issue service.  The Clerk of Court is **DIRECTED** to send a blank copy of the required service and summons forms to Plaintiff at the address listed on the docket.

3. Plaintiff shall serve upon Defendant Brabson or, if appearance has been entered by counsel, upon Defendant Brabson's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendant Brabson or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed

15

with the Clerk, or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

5. Plaintiff's request for counsel is **DENIED without prejudice**.

6. Because this Order and Report and Recommendation serve as a status update, Plaintiff's motion requesting the same (ECF No. 6) is **DENIED AS MOOT**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's allegations that fail to state a plausible claim for relief under § 1983 be **DISMISSED with prejudice**, including any official capacity claim for monetary damages against Defendant Brabson, deprivation of property claims against all Defendants, failure to investigate claims against Defendants Davis and Parker, and supervisor liability claims against Defendant Davis;

2. Plaintiff's state-law negligence and emotional distress claims be **DISMISSED without prejudice**.

3. Plaintiff's unrelated fraud claims against Defendants Steel and Davis, be **SEVERED** and **DISMISSED without prejudice**;

4. Because Plaintiff has failed to state a plausible claim for relief against Defendants Davis, Hockett, Terry, Bell, Chinn, Steel, and Parker, they should all be **DISMISSED** as defendants;

5. Plaintiff's Motion for Declaration (ECF No. 5), construed as a motion for preliminary injunction and a TRO request, should be **DENIED**.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**


Date:  **March 11, 2026**                        s/ *Elizabeth A. Preston Deavers*
                                                   **Elizabeth Preston Deavers**
                                                   **United States Magistrate Judge**