UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **DERRICK SWEETING,** | : | **Case No. 1:25-cv-863** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **District Judge Douglas R. Cole** |
| **vs.** | : | **Magistrate Judge S. Courter M.** |
| | : | **Shimeall[1]** |
| **CYNTHIA DAVIS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

ORDER AND SUPPLEMENTAL
REPORT AND RECOMMENDATIONS

Plaintiff, an inmate housed at the Southern Ohio Correctional Facility ("SOCF"), has filed a pro se civil rights complaint in this Court against Defendants Warden Cynthia Davis, Inspector A. Hockett, Unit Manager Brabson, Sgt. Terry, Major Bell, Sgt. Chinn, Roger Steel, and Inspector Kevin Parker, all with SOCF. (ECF No. 13, PAGEID #: 91.) This matter is before the Court on Plaintiff's motion to amend. (ECF No. 16.)

On March 11, 2026, this Court conducted an initial screen of Plaintiff's Complaint, understanding Plaintiff to be alleging claims under 42 U.S.C. § 1983 and Ohio state law, including: (1) a retaliation claim against Defendant Brabson for allegedly sending Plaintiff to "the hole" as retaliation for filing a grievance about his missing television; (2) negligent deprivation of property claims against Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker for allegedly failing to return Plaintiff's television; (3) failure to investigate claims against Defendants Parker

---

[1] On March 17, 2026, this case was referred to Magistrate Judge S. Courter M. Shimeall. (ECF No. 15, PAGEID #: 128–29.)

and Davis; and (4) supervisor liability claims against Defendant Davis.  (*See* ECF No. 14, PAGEID #: 114.)  This Court also understood Plaintiff to be raising unrelated fraud claims against Defendant Steel for allegedly stealing Plaintiff's government stimulus check, and against Defendant Davis for allegedly being aware of the fraud but failing to correct it.  (*Id.* at PAGEID #: 115.)  This Court determined that Plaintiff was allowed to proceed on his retaliation claim against Defendant Brabson but recommended severing and dismissing Plaintiff's unrelated fraud claims against Defendants Steel and Davis.  (*Id.* at PAGEID #: 115, 120–22.)  This Court also recommended dismissing Plaintiff's remaining claims for the failure to state a plausible claim for relief, including any claims seeking monetary damages against Defendants in their official capacities.  (*Id.*)

Since this Court's March 2026 Report and Recommendations, Plaintiff has filed an amended complaint, seeking to add retaliation claims against three new Defendants.  (ECF No. 16, PAGEID #: 146–50.)  Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Given the early status of the case, Plaintiff's motion to amend is **GRANTED**.  It appears, however, that Plaintiff's filing is a supplemental complaint, seeking to add allegations to his original Complaint.  (*See id.* at PAGEID #: 148–49 ("Please grant[] this Amend Complaint to proceed through my screening action.").)  The Undersigned therefore construes the filing as such and considers Plaintiff's original Complaint (ECF No. 13) and supplemental complaint (ECF No. 16) as one "First Amended Complaint." Plaintiff's First Amended Complaint "supersedes [the] earlier complaint for all purposes."  *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013).

The Clerk of Court is **DIRECTED** to file on the docket Plaintiff's original Complaint (ECF No. 13) and his supplemental complaint (ECF No. 16) together as one "First Amended Complaint."

I.      **SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT**

Because Plaintiff has been granted leave to proceed *in forma pauperis* (ECF No. 8), the Undersigned must conduct an initial screen of Plaintiff's First Amended Complaint to determine whether the First Amended Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**A.  Screening Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, 28 U.S.C. § 1915(e) requires sua sponte dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  *See also* § 1915A(b).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to a review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In other words, Rule 8(a) "imposes legal *and* factual demands on the authors of

3

complaints." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Although this pleading standard does not require "detailed factual allegations," it does require more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

A plaintiff's allegations are "accepted as true." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). But a court need not accept factual allegations that are "fantastic or delusional." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327–28). Further, pro se complaints are held "to less stringent standards" than a formal pleading drafted by a lawyer. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). A pro se plaintiff's pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This "lenient treatment has limits," however, because "courts should not have to guess at the nature of the claim asserted." *Frengler*

*v. G.M.*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) (additional citations omitted).

### B. Plaintiff's Original Allegations

Regarding Plaintiff's allegations from his original Complaint (ECF No. 13), the Undersigned incorporates the factual allegations laid out in this Court's March 11, 2026, Order and Report and Recommendations:

> Plaintiff first alleges that Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker failed to replace his television despite non-defendant Chief Inspector Morrow affirming Plaintiff's grievance to replace the television. Plaintiff alleges that these Defendants were responsible for replacing his television and were negligent in failing to do so. Plaintiff alleges that he was not on "TV restriction" and that there is no policy against television use for prisoners on tablet restrictions.
>
> Plaintiff alleges that he submitted an informal grievance to Defendant Brabson, who determined that Plaintiff had signed his property sheet and denied the grievance. Plaintiff alleges that he was then sent to the "hole" for submitting a false ticket. Plaintiff alleges that he appealed the denial, which resulted in Defendant Parker affirming Brabson's decision for the same reasoning.
>
> Plaintiff next alleges that Defendant Steel stole Plaintiff's $3,200 government stimulus check from the IRS, resulting in fraud. Plaintiff alleges that Defendant Davis was aware of the issue but failed to fix it and that she enforces broken policies.
>
> Plaintiff alleges in sum that Defendants deprived him of his television; that when he tried to get his television replaced, Defendant Brabson posted false sanctions against him as retaliation for submitting a grievance; that Defendant Steel stole government money from him; and that Defendant Davis failed to correct these issues.

(ECF No. 14, PAGEID #: 113–14 (internal citations omitted).)

### C. Plaintiff's New Allegations

Plaintiff's newly added factual allegations raise claims against three new named Defendants, J. McAllister, B. Crabtree, and J. Leasure. (ECF No. 16, PAGEID #: 146.) Plaintiff alleges that Defendant Leasure retaliated against Plaintiff by filing a conduct report against him

5

that listed personal information about Plaintiff's family member, including the family member's name and phone number. (*Id.* at PAGEID #: 147.)  Plaintiff alleges that this conduct could harm his loved one. (*Id.*)  He alleges that Leasure did this after Plaintiff's family member called Defendants about Plaintiff being harassed. (*Id.*)  Plaintiff alleges that he received a 90-day phone restriction because of Leasure's conduct report, which happened at the same time that Defendant Davis responded to Plaintiff's kite about other issues. (*Id.*)

Plaintiff next alleges that Defendant B. Crabtree is liable for retaliation because Crabtree knew Plaintiff should not have been given a conduct report for speaking his mind and telling his family about the issues at SOCF. (*Id.* at PAGEID #: 148.)  Plaintiff also alleges that Defendant J. McAllister is liable for including the family member's personal information in the conduct report and for giving Plaintiff a ticket because Plaintiff had his family call SOCF about the other issues. (*Id.* at PAGEID #: 149.)

Plaintiff seeks monetary and injunctive relief. (ECF No. 13, PAGEID #: 93; ECF No. 16, PAGEID #: 150.)

### D. Discussion

The Court has already dealt with many of the claims in Plaintiff's (now) Amended Complaint.  That said, the Court intends to now conduct a full screening of all of Plaintiff's now-pending claims.  Though some of this Order will be duplicative of the Court's prior screening Order (*see generally* ECF No. 14), the Court nevertheless proceeds accordingly for the sake of addressing all claims clearly.  To that end, for the sake of clarity, the Undersigned understands Plaintiff to be raising the following claims:

1. A retaliation claim against Defendant Brabson for allegedly sending Plaintiff to "the hole" as retaliation for filing a grievance about his missing television;

2. Negligent deprivation of property claims against Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker for allegedly failing to return Plaintiff's television, despite Chief Inspector Morrow's decision otherwise;

3. Failure to investigate claims against Defendants Parker and Davis;

4. Supervisor liability claims against Defendant Davis for allegedly being aware of and then failing to correct the other Defendants' actions;

5. Unrelated fraud claims against Defendant Steel for allegedly stealing Plaintiff's government stimulus check and against Defendant Davis for being aware of the fraud but failing to correct it; and

6. Unrelated retaliation claims against Defendants Leasure, Crabtree, and McAllister for allegedly revealing a family member's personal information and placing Plaintiff on a 90-day phone restriction as retaliation for Plaintiff contacting Defendant Davis about SOCF employee behavior.

Upon review, and without the benefit of further briefing by the parties, the Undersigned concludes, as previously determined by this Court, that Plaintiff's retaliation claim against Defendant Brabson **MAY PROCEED** in an abundance of caution.  As noted in the previous Order and Report and Recommendations, although Plaintiff does not allege exact dates for these incidents, his exhibits show that he started the grievance process to get back his television in July 2025.  (Complaint, ECF No. 13, PAGEID #: 94–100.)[2]  The Undersigned **ADVISES** Plaintiff that this is only a preliminary determination.  The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is Defendant Brabson precluded from filing a

---

[2] Plaintiff attaches copies of exhibits to his Complaint.  These exhibits are considered a part of the Complaint "for all purposes."  Fed. R. Civ. P. 10(c).  *See Fishman v. Williams*, No. 14-cv-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schs.: Adult Educ. Div.*, No. 19-cv-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to [the plaintiff's] Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision.").  However, the Court declines to comb through the exhibits to raise new claims or make legal arguments for Plaintiff.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Plaintiff's remaining claims, however, should be **DISMISSED**. First, the Undersigned **RECOMMENDS** the following: that the Court **ADOPT** the prior recommendations to **DISMISS** Plaintiff's official capacity claims for monetary damages, his negligent deprivation of property claims, his failure to investigate claims, and his supervisor liability claims; **ADOPT** the prior recommendation to **DISMISS without prejudice** Plaintiff's state-law negligence and emotional distress claims; and **ADOPT** the prior recommendations to **SEVER** and **DISMISS without prejudice** Plaintiff's unrelated fraud claims against Defendants Steel and Davis.

Further, the Undersigned **RECOMMENDS** that Plaintiff's new retaliation claims raised in his supplemental complaint against Defendants Leasure, Crabtree, and McAllister (ECF No. 16) be **SEVERED** and **DISMISSED without prejudice** because these claims are misjoined in this proceeding, as explained in more detail below.

### E. Misjoinder of Unrelated Retaliation Claims Against Defendants Leasure, Crabtree, and McAllister

In his amended allegations, Plaintiff alleges that Defendants Leasure, Crabtree, and McAllister retaliated against Plaintiff by filing a conduct report about Plaintiff that included his family member's personal information and then by placing Plaintiff on a 90-day phone restriction. (ECF No. 16, PAGEID #: 147–49.) Plaintiff alleges that this retaliation happened after he informed his family about the issues at SOCF, and his family attempted to contact Defendant Davis. (*Id.*) As with his misjoined fraud claims against Defendants Steel and Davis, Plaintiff's retaliation claims against Leasure, Crabtree, and McAllister are misjoined in this lawsuit and should be **DISMISSED**.

8

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)–(B).  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Under Federal Rule of Civil Procedure 21, courts have "broad discretion 'to order a severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (citation omitted).

For misjoined claims or defendants, "a court has two options: it may (1) drop misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (citing Fed. R. Civ. P. 21; *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017)).  A court may exercise discretion to select the parties to drop or the claims to sever. *Id.* (citations omitted); *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) ("[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." (citing Fed. R. Civ. P. 21) (additional citation omitted)).

Like with his unrelated fraud claims, Plaintiff fails to allege any facts to tie this retaliation claim against Leasure, Crabtree, and McAllister to the basis of this lawsuit—that the other Defendants refused to return Plaintiff's television and that Defendant Brabson retaliated against

9

him for filing grievances about the issue. (*See* Complaint, ECF No. 13, PAGEID #: 90–93.) While Plaintiff makes a general assertion that the SOCF employees are harassing him (*see generally* ECF No. 16), Plaintiff has not shown that the new retaliation allegations arise from the same transaction or occurrence as the television claims or that these claims rely on the same material facts to warrant joinder. In other words, Plaintiff has not made a sufficient connection between the claim against Defendant Brabson and his new allegations against three new Defendants. And Plaintiff has failed to state any other plausible claims for relief against Defendants Leasure, Crabtree, and McAllister to permit joinder. (*See generally* ECF Nos. 13, 16.)

Plaintiff's unrelated retaliation claims against Leasure, Crabtree, and McAllister for allegedly filing a conduct report that reveals personal information about Plaintiff's family member and for allegedly placing him on a 90-day phone restriction therefore should be **SEVERED** from this action. *Proctor*, 661 F. Supp. 2d at 781 (citing Fed. R. Civ. P. 21). The Undersigned **RECOMMENDS** that these claims further be **DISMISSED without prejudice** to Plaintiff re-filing a separate action including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2), 21; *Harris*, 2022 WL 3053496, at *6. Additionally, because Plaintiff fails to state a related plausible claim for relief against any of these Defendants, they should be **DISMISSED** as defendants here.

## II.   CONCLUSION

Based on the above, Plaintiff's motion to amend (ECF No. 16) is **GRANTED**. As noted, the Clerk of Court is **DIRECTED** to file on the docket Plaintiff's original Complaint (ECF No. 13) and his supplemental complaint (ECF No. 16) together as one "First Amended Complaint."

Upon screening his supplemental allegations, Plaintiff's retaliation claim **MAY PROCEED** for further development against Defendant Brabson in his individual capacity, and in his official capacity to the extent that Plaintiff seeks declaratory and injunctive relief. As explained

10

in the prior screening Order, the Undersigned **RECOMMENDS** that Plaintiff's unrelated fraud claims against Defendants Steel and Davis; and, as explained here, the Undersigned **RECOMMENDS** Plaintiff's unrelated retaliation claims against Defendants Leasure, Crabtree, and McAllister be **SEVERED** from this action and **DISMISSED without prejudice**. Because Plaintiff's other allegations fail to state a plausible claim for relief, the Undersigned **RECOMMENDS** that the Court **ADOPT** the prior recommendation to **DISMISS** Plaintiff's remaining claims.

Further, the Undersigned **RECOMMENDS** that the Court **ADOPT** the prior recommendation (ECF No. 14, PAGEID #: 122–23) to **DENY** Plaintiff's Motion for Declaration (ECF No. 5), construed as a motion for preliminary injunction and request for a temporary restraining order.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff **MAY PROCEED** with his retaliation claim against Defendant Brabson at this juncture, except to the extent that Plaintiff seeks monetary relief from Brabson in his official capacity.

2. As noted previously, if Plaintiff wishes the United States Marshals to effectuate service, he must submit a complete copy of the First Amended Complaint together with copies of the exhibits for Defendant Brabson. Plaintiff must also submit a completed individual service form and United States Marshals summons form (USM-285 form) for Defendant Brabson. To proceed, Plaintiff must submit a service copy of the First Amended Complaint and attached exhibits and submit the service and summons forms for Defendant Brabson **WITHIN 30 days** of the date of this Order **with a motion to issue service**.

3. Plaintiff shall serve upon Defendant Brabson or, if appearance has been entered by counsel, upon Defendant Brabson's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant Brabson or Defendant Brabson's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk, or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff is reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **ADOPT** the prior recommendations (ECF No. 14, PAGEID #: 116–20) that Plaintiff's official capacity claims for monetary damages, deprivation of property claims against all Defendants, failure to investigate claims against Defendants Davis and Parker, and supervisor liability claims against Defendant Davis be **DISMISSED with prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court **ADOPT** the prior recommendations (ECF No. 14, PAGEID #: 120) that Plaintiff's state-law negligence and emotional distress claims be **DISMISSED without prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3. The Court **ADOPT** the prior recommendations (ECF No. 14, PAGEID #: 120–22) to **SEVER** and **DISMISS without prejudice** Plaintiff's unrelated fraud claims against Defendants Steel and Davis. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

4.  The Court **ADOPT** the prior recommendation (ECF No. 14, PAGEID #: 126) that because Plaintiff has failed to state a related, plausible claim for relief against Defendants Davis, Hockett, Terry, Bell, Chinn, Steel, and Parker, they should all be **DISMISSED** as defendants here.

5.  The Court should also **SEVER** and **DISMISS without prejudice** Plaintiff's unrelated retaliation claims against Defendants Leasure, Crabtree, and McAllister, and should **DISMISS** these Defendants from this action.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

6.  The Court should **ADOPT** the prior recommendation (ECF No. 14, PAGEID #: 122–23) to **DENY** Plaintiff's Motion for Declaration (ECF No. 5).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: **April 6, 2026**          *s/ S. Courter M. Shimeall*
                                 **S. Courter M. Shimeall**
                                 **United States Magistrate Judge**