**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **DERRICK SWEETING,** | : | **Case No. 1:25-cv-863** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **District Judge Douglas R. Cole** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **CYNTHIA DAVIS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATIONS**

Plaintiff, an inmate housed at the Southern Ohio Correctional Facility ("SOCF"), has a pro se civil rights complaint pending in this Court.[1] (First Amended Complaint, ECF No. 20, PageID# 240–53; Attachments and Exhibits, ECF Nos. 20-1 through 20-11.) This matter is before the Court on Plaintiff's recent filings (ECF Nos. 11, 17, 18, 22, and 23), but the Undersigned finds it prudent to first discuss the procedural history of this lawsuit.

As noted in the Undersigned's April 6, 2026, Order and Supplemental Report and Recommendations:

On March 11, 2026, the Court conducted an initial screen of Plaintiff's Complaint, understanding Plaintiff to be alleging claims under 42 U.S.C. § 1983 and Ohio state law, including (1) a retaliation claim against Defendant Brabson for allegedly sending Plaintiff to "the hole" as retaliation for filing a grievance about his missing television; (2) negligent deprivation of property claims against Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker for allegedly failing to return Plaintiff's television; (3) failure to investigate claims against Defendants Parker and Davis; and (4) supervisor liability claims against Defendant Davis. (ECF No. 14, PAGEID #: 114.) This Court also understood Plaintiff to be

---

[1] Plaintiff's "First Amended Complaint" (ECF No. 20) is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.").

raising unrelated fraud claims against Defendant Steel for allegedly stealing Plaintiff's government stimulus check, and against Defendant Davis for allegedly being aware of the fraud but failing to correct it. (*Id.* at PAGEID #: 115.) This Court determined that Plaintiff was allowed to proceed on his retaliation claim against Defendant Brabson but recommended severing and dismissing Plaintiff's unrelated fraud claims against Defendants Steel and Davis. (*Id.* at PAGEID #: 115, 120–22.) This Court also recommended dismissing Plaintiff's remaining claims for the failure to state a plausible claim for relief, including any claims seeking monetary damages against Defendants in their official capacities. (*Id.*).

(ECF No. 19, PageID# 211–12.)

On March 23, 2026, Plaintiff filed an amended complaint, adding allegations against three new Defendants, B. Crabtree, J. Leasure, and J. McAllister. (ECF No. 16, PageID# 146–50.) On April 6, 2026, the Undersigned recommended that these new claims and Defendants be severed and dismissed from this lawsuit as misjoined because Plaintiff's new allegations did not relate to the claim proceeding against Defendant Brabson. (ECF No. 19, PageID# 218–20.)

On April 16, 2026, Plaintiff filed objections to the prior recommendations to sever and dismiss his misjoined IRS fraud claims against Defendant Davis and Steel.[2] (ECF No. 21.)

Plaintiff also has the following documents pending before the Court:

1. "Motion to the Courts Requesting Defendants to Stop Denying me Access Towards the Courts" (ECF No. 11);

2. "Motion For Clerk To Submit Exhibits" (ECF No. 17);

3. "Second Amended Complaint" (ECF No. 18);

4. "Motion for Sanctions" (ECF No. 22); and

5. "Request for Issuance of Summons" (ECF No. 23).

---

[2] The Undersigned notes that Plaintiff uses "Steel" and "Steele" interchangeably for this individual, and the Court will refer to him as "Steel" for consistency.

The Undersigned addresses these filings below.  Plaintiff's objections (ECF No. 21) remain pending before the District Judge, along with the two prior Reports and Recommendations that screen Plaintiff's allegations (ECF Nos. 14, 19).

**I. Motion to the Courts Requesting Defendants to Stop Denying me Access Towards the Courts (ECF No. 11)**

This matter is first before the Court on Plaintiff's "Motion to the Courts Requesting Defendants to Stop Denying [him] Access Towards the Courts" (ECF No. 11).  Plaintiff appears to allege that he was placed on a 90-day kite and grievance restriction and alleges that he cannot show the Courts he is being retaliated against and harassed.  (*Id.* at PageID# 78–79.)  Plaintiff also attaches exhibits as new evidence of his IRS check fraud claims (ECF No. 11-1, PageID# 79–81), claims that should be severed and dismissed from this action as misjoined (*see* ECF No. 14, PageID# 120–22; ECF No. 19, PageID# 218.)  The Court construes Plaintiff's request as a motion for Temporary Restraining Order ("TRO"), which should be denied.

In his motion, Plaintiff asserts that he has suffered interference with his right to access to the courts because of being placed on a 90-day kite and grievance restriction by Warden Davis and Chief Inspector Lambert.  Plaintiff appears to connect all of this to the IRS fraud claims raised against Davis.  (ECF No. 11, PageID# 77-78).  This issue is beyond the scope of the retaliation claim proceeding against Defendant Brabson for allegedly retaliating against Plaintiff for filing grievances about his missing television.  (*See* ECF No. 14, PageID# 114-15 (allowing Plaintiff to proceed on his retaliation claim against Brabson); ECF No. 19, PageID# 216-17 (same)).  A TRO motion is not the proper method for Plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013), *report and recommendation adopted*, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013).  While Plaintiff continues to raise his IRS check fraud claims, this Court has

recommended to sever those claims because they are misjoined and unrelated to the claim proceeding against Brabson. Accordingly, the Undersigned recommends that Plaintiff's motion (ECF No. 11) be **DENIED**.

## II. Motion for Clerk to Submit Exhibits (ECF No. 17) and Motion for Leave to File a Second Amended Complaint (ECF No. 18)

Up next are Plaintiff's "Motion for Clerk to Submit Exhibits" (ECF No. 17) and his motion for leave to file a "Second Amended Complaint" (ECF No. 18). The Undersigned addresses these motions together and construes both as seeking leave to amend his allegations. Plaintiff has amended his Complaint once as a matter of course. (*See* ECF No. 16.) "Although Rule 15(a)(2) evinces a liberal amendment policy, the right to amend is not absolute or automatic." *Rhoades v. IRS*, No. 2:21-cv-5212, 2022 WL 2802413, at *2 (S.D. Ohio July 18, 2022) (quoting *Alexander v. Eagle Mfg. Co.*, *LLC*, 714 F. App'x 504, 510 (6th Cir. 2017)). And leave "need not be granted where amendment would be futile." *Id.* (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408 F.3d at 817 (citation omitted).

Granting Plaintiff's motion for leave to file his Second Amended Complaint would be futile because the Court has determined that these amended claims are misjoined. Plaintiff may not join unrelated claims and various Defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the

4

required fees."). Under Federal Rule of Civil Procedure 21, courts have "broad discretion 'to order a severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (citation omitted). For misjoined claims or defendants, "a court has two options: it may (1) drop misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (citing Fed. R. Civ. P. 21; *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017)). A court may exercise discretion to select the parties to drop or the claims to sever. *Id.* (citations omitted); *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) ("[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice.").

Plaintiff seeks to amend his allegations by adding more details and exhibits about his IRS check fraud claims against Roger Steel, Cynthia Davis, and B. Trelka. (ECF No. 18, PageID# 172–79; ECF Nos. 18-1 through 18-8 (Exhibits).) Plaintiff alleges that Steel, Davis, and Trelka are liable for his missing IRS check, and he alleges that they committed fraud by embezzling his check. (ECF No. 18, PageID# 176–78.) Plaintiff has not alleged any facts to indicate how this claim relates to the retaliation claim against Defendant Brabson. These claims do not arise out of the same transaction or occurrence as the incident with Brabson and would be misjoined in this action for the same reasoning provided in the Court's prior recommendations to dismiss Plaintiff's IRS check fraud claims. (ECF No. 14, PageID# 120–22; *see* ECF No. 19, PageID# 218, 222.) Accordingly, Plaintiff's motion for leave to file a Second Amended Complaint should be **DENIED** because amendment would be futile. *See, e.g., Finnell v. DeWine*, No. 2:24-cv-55, 2024 WL 4699932, at *2 (S.D. Ohio June 3, 2024), *report and recommendation adopted* 2024 WL 4553039

5

(S.D. Ohio Oct. 23, 2024) (recommending the court deny leave to amend because including the new claims would be futile given that such claims were misjoined).

Similarly, in his motion to submit exhibits, Plaintiff seeks to add more allegations against Roger Steel, challenging how the prison cashier is calculating the partial filing fee, and to add allegations and exhibits about a new retaliation claim about a 30-day commissary restriction.  (ECF No. 17, PageID# 164–71.)  To the extent that Plaintiff seeks to add more details to his IRS check fraud allegations against Steel, permitting this amendment would be futile because, again, this Court has recommended that the fraud claims against Steel be severed from this lawsuit as misjoined.  The IRS check fraud allegations against Steel are not related to the basis of the claim proceeding against Defendant Brabson.  The new allegations about a 30-day commissary restriction also do not appear to rise out of the same transaction or occurrence as the claim proceeding against Brabson.  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff makes no argument to show how these allegations are related, nor does he explain how this new claim and any newly named individual are properly joined in this action.  Adding these claims to his First Amended Complaint (ECF No. 20) would be futile and his motion for leave to amend (ECF No. 17) should be **DENIED**.

To the extent that Plaintiff seeks this Court's assistance to order the prison cashier to return money withdrawn from Plaintiff's account (*see id.* at PageID# 165), it appears that the cashier calculated the partial filing fee based on the proper guidance (*see id.* at PageID# 167–68).  An institutional cashier calculating the initial partial filing fee for inmates proceeding *in forma pauperis* is in compliance with 28 U.S.C. § 1915(b).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled in part by Jones v. Bock*, 549 U.S. 199 (2007) ("Allowing the custodian of the account to make the computation of the initial partial filing fee under § 1915(b)(1) is in compliance with the statute and is certainly necessary in determining the partial payments

required by § 1915(b)(2).”); *cf. Shine-Johnson v. Chambers-Smith*, No. 2:22-cv-3236, 2023 U.S. Dist. LEXIS 180761, at *5 (S.D. Ohio Oct. 6, 2023). To the extent that Plaintiff makes any such request to correct the withdrawals made by the institutional cashier for Plaintiff's initial filing fee, that request is **DENIED**.

### III. <u>Motion for Sanctions (ECF No. 22)</u>

This matter is also before the Court on Plaintiff's "Motion for Sanctions" against three non-defendants. (ECF No. 22.) Although labeled as a Motion for Sanctions, the Undersigned construes Plaintiff's request as a motion for a TRO or preliminary injunction, which should be denied. Plaintiff alleges that prison library staff Ms. Blogg and Ms. Stickland, and Legal Services Supervisor Lieutenant Whitman, are refusing to receive or submit Plaintiff's legal documents, preventing him from meeting his deadlines. (*Id.* at PageID# 313–14.) Plaintiff seeks this Court's assistance to stop these individuals from harming this proceeding. (*Id.*) Plaintiff also asserts that he has not yet received this Court's April 6, 2026, Report and Recommendation because the named individuals are withholding his legal mail. (*Id.*) But his motion was filed within a week of that Report and Recommendation being docketed and it will take time to arrive through the prison mail system. And Plaintiff has not missed a Court deadline to his prejudice. Notably, Plaintiff does not appear to have an issue with filing documents with the Court given the multiple motions and filings he has submitted since initiating this action. Plaintiff therefore has not alleged an actual injury in accessing the courts. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) ("Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline.").

At any rate, an injunction is an extraordinary remedy that should be granted only "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC v.*

*Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (noting that a preliminary injunction should only be granted when the circumstances "clearly demand it").  Plaintiff has failed to allege any extraordinary circumstances that warrant injunctive relief as this time.  Plaintiff's request for injunctive relief should be **DENIED without prejudice**, subject to renewal or reconsideration.

### IV. Request for Issuance of Summons (ECF No. 23)

Finally, this matter is before the Court on Plaintiff's "Request for Issuance of Summons," which includes a service copy of Plaintiff's Amended Complaint and service and summons forms. (ECF No. 23; ECF Nos. 23-1 through 23-7 (Attachments).)  Plaintiff's summons form for Defendant Brabson is incomplete, however, and must be cured before the Court can order service. Plaintiff must include his address on the summons form.  (*See* ECF No. 23-1, PageID# 343 (Summons Form for Defendant Brabson).)  Accordingly, the Clerk of Court is **DIRECTED** to send Plaintiff his incomplete form (*id.*), with the completed U.S. Marshal service form for Defendant Brabson (*id.* at PageID# 344) for Plaintiff to cure this deficiency.  Plaintiff is therefore **ORDERED to do the following within THIRTY (30) days of this Order:** fill in his address in the appropriate section on the summons forms, and then refile it with the completed service form and a new Motion for Service to proceed with this action.  If Plaintiff needs more time to comply with this Order, he must file a motion for extension of time.  Plaintiff is reminded that the Court has determined that he may proceed to further develop *only* his retaliation claims against Defendant Brabson at this juncture.

### V. CONCLUSION

In sum, Plaintiff's motions (ECF Nos. 11, 17, 18, and 22) should be **DENIED**.

Regarding Plaintiff's request for service (ECF No. 23), Plaintiff is **ORDERED** to submit a *completed* summons form with the completed service form (USM-285) and a *motion for service* **WITHIN 30 DAYS** of this Order and Report and Recommendations to proceed with his retaliation claim against Defendant Brabson.  Plaintiff must complete the summons form by adding his address to the appropriate section on the form.

To assist Plaintiff, the Clerk of Court is **DIRECTED** to return to Plaintiff the incomplete summons form for Defendant Brabson, along with the completed service form (*see* ECF No. 23-1, PageID# 343–44) for Plaintiff to finish and refile the forms.

The Clerk of Court is also **DIRECTED** to send Plaintiff a copy of the Court's Pro Se Handbook for his use in this case.

Plaintiff is **DIRECTED NOT TO FILE** any additional complaints or pleadings while the Court awaits the filing of a Motion for Service with completed service and summons forms for Defendant Brabson as directed by this Order and upon resolution of the pending recommendations before the District Judge.  Plaintiff is **WARNED** that duplicative or frivolous filings, or filings that contravene the Local or Federal Rules, may be stricken from the docket or returned to him.

The Undersigned **RECOMMENDS** that:

1. Plaintiff's "Motion to the Courts Requesting Defendants to Stop Denying me Access Towards the Courts" (ECF No. 11), which the Court construes as a request for injunctive relief, be **DENIED without prejudice**;

2. Plaintiff's "Motion for Clerk to Submit Exhibits" (ECF No. 17) be **DENIED** as futile and **STRICKEN** from the docket.

3. Plaintiff's "Second Amended Complaint" (ECF No. 18) be **DENIED** as futile and **STRICKEN** from the docket.

9

4.  Plaintiff's "Motion for Sanctions" (ECF No. 22), which the Court construes as a request for injunctive relief, be **DENIED without prejudice**, subject to renewal or reconsideration if warranted.

The Undersigned also **RECOMMENDS** that the Court **ADOPT** all prior recommendations, as summarized in the most recent Report and Recommendations (ECF No. 19, PageID# 222–23 (citing ECF No. 14, PageID# 116–23, 126)), including the prior recommendation to **DENY** Plaintiff's Motion for Declaration (ECF No. 5).

For clarity, Plaintiff is **ADVISED** that, should the District Judge adopt the recommendations to sever and dismiss Plaintiff's unrelated claims, including his IRS check fraud allegations, Plaintiff may not proceed to further develop those claims in this lawsuit. At that point, if Plaintiff wishes the Court to consider these or any other unrelated claims, he must raise them in a separate action(s), and then pay the required filing fee or seek leave to proceed *in forma pauperis*; moreover, his allegations must survive the screening stage to proceed further with such claims. Plaintiff is reminded that he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding that unrelated claims should be raised in separate actions).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and

10

shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

   **IT IS SO ORDERED AND RECOMMENDED**.

Date: __April 22, 2026__        *s/ S. Courter M. Shimeall*
                 **S. Courter M. Shimeall**
                 **United States Magistrate Judge**