**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK SWEETING,

      Plaintiff,

                             Case No. 1:25-cv-863

      v.

WARDEN CYNTHIA DAVIS, et al.,     **JUDGE DOUGLAS R. COLE**

                              **Magistrate Judge Shimeall**

      Defendants.

### OPINION AND ORDER

Plaintiff Derrick Sweeting is an inmate at Southern Ohio Correctional Facility (SOCF). Proceeding pro se and in forma pauperis, he sues a host of SOCF personnel, including the Warden, Cynthia Davis. His original complaint primarily revolved around a missing television in his cell. But the case has since grown (Sweeting has proven himself a prolific filer) to include a host of ancillary constitutional and state-law claims.

Using her authority under 28 U.S.C. § 1915(e), Magistrate Judge Deavers screened Sweeting's original Complaint (Doc. 1-1) and issued a Report and Recommendation in which she recommended dismissing all then-pending claims, except for the retaliation claim against one of the officers, Defendant Brabson. (Doc. 14, #125). Sweeting responded by filing an Amended Complaint (Doc. 16), adding some new claims and factual allegations about unrelated events. In the interim, the case was reassigned to Magistrate Judge Shimeall. (Doc. 15). He liberally construed Sweeting's filing of the Amended Complaint as a motion to amend, and he granted that motion. (Doc. 19, #212). But he then screened the Amended Complaint. And

based on that screening, he issued a Supplemental R&R, once again recommending dismissal of all claims, except for the retaliation claim against Brabson. (*Id.* at #217–18). Sweeting objected and also requested yet another opportunity to amend. (Doc. 21). For the reasons stated below, the Court **OVERRULES** Sweeting's Objection (Doc. 21) and **ADOPTS** the original and supplemental R&Rs (Docs. 14, 19).

In addition to the original and amended complaints, and his objections to the Supplemental R&R, Sweeting has filed various other motions. These include: (1) a "Motion for Declaration" (Doc. 5); (2) a "Motion to the Courts Requesting Defendants to Stop Denying Me Access Towards the Courts" (Doc. 11); (3) a "Motion for Clerk to Submit Exhibits" (Doc. 17); (4) a Second Amended Complaint, construed as another motion to amend, (Doc. 18); and (5) a Motion for Sanctions (Doc. 22). Magistrate Judges Deavers and Shimeall recommended denying the Motion for Declaration (Doc. 5) in the original and Supplemental R&Rs, (Doc. 14, #123; Doc. 19, #221). Because the Court adopts those R&Rs, the Court also denies that motion. (Doc. 5). For the other four motions, Magistrate Judge Shimeall issued a third R&R, recommending the Court deny all four motions for various reasons. (Doc. 24, #359–60). Sweeting has not objected to that R&R. As explained further below, the Court **ADOPTS** that R&R (Doc. 24) and **DENIES** Sweeting's motions, (Docs. 11, 17, 18, 22). Additionally, the Court **DENIES** Sweeting's latest letter, which the Court construes as a motion for recusal. (Doc. 38). Finally, the Court **GRANTS** Brabson's recently filed Motion to Strike (Doc. 39), and so **STRIKES** Sweeting's "Response" (Doc. 36) to Brabson's Answer.

## BACKGROUND

### A.    The Underlying Events

While Sweeting has engaged in extensive motion practice, the allegations underlying this dispute are relatively short. Sweeting is an inmate at SOCF. (Mot. to Proceed in Forma Pauperis, Doc. 1, #3). He alleges that, at some undisclosed point in time, correctional officers removed from his cell a television that belonged to him, even though he was not on a television restriction. (Compl., Doc. 1-1, #12). They were supposed to replace it, but they did not do so. (*Id.*). Unhappy about his missing television, Sweeting filed a grievance with his unit manager, Officer Brabson, which Brabson denied. (*Id.* at #10). Ultimately, though, Chief Inspector Morrow (who Sweeting does not name as a defendant) held on appeal that the television should be replaced. (*Id.* at #12). But still no television arrived. (*Id.* at #10, 12). Rather, Brabson allegedly "sent [him] to the hole" as retaliation for the complaint. (*Id.* at #10). Separately, Sweeting alleges that the prison cashier, Roger Steel, stole Sweeting's government stimulus check from the IRS in the amount of $3,200. (*Id.* at #12). And Sweeting further says he filed informal grievances, "kites," with Warden Davis regarding all of this misconduct, but she did nothing. (*Id.*).

Unsatisfied with the outcome of his grievances, Sweeting filed this action on November 21, 2025. He first moved for leave to proceed in forma pauperis, (Doc. 1), attaching his Complaint, (Doc. 1-1). The same day, he also filed a notice to enter an appearance on behalf of his purported counsel. (Doc. 2). Then, a month later, Sweeting filed a "Motion for Declaration" (Doc. 5), regarding a new incident where an officer imposed a 90-day phone restriction as a sanction for Sweeting's unauthorized

phone usage, (*id.* at #50). In the conduct report that gave rise to that restriction, the officer included Sweeting's family member's name and phone number. (*Id.* at #49–50, 52 (conduct report)). Fearful for his family and personal safety, Sweeting requested a temporary restraining order (TRO) to transfer him to a higher-level correctional facility and to lift the 90-day phone restriction. (*Id.* at #50). On top of that, Sweeting filed a Motion Requesting Status Updates (Doc. 6) and a motion in which he expressed confusion over the Court's address, (Doc. 7).

On February 25, 2026, the then-assigned Magistrate Judge granted Sweeting in forma pauperis status and denied the motion relating to the Court's address as moot after explaining the Court's processes. (Doc. 8). From there, Sweeting filed several more motions: (1) another entry of appearance for his purported attorney, (Doc. 9); (2) a motion claiming that Defendants were denying him access to the courts, (Doc. 11); and (3) another copy of his Complaint (which did not include any new allegations), (Doc. 13).

**B.     First Report and Recommendation**

Following that flurry of motions, on March 11, 2026, Magistrate Judge Deavers issued a Report and Recommendation, (R&R, Doc. 14), where she screened Sweeting's Complaint pursuant to her authority under 28 U.S.C. § 1915(e)(2). The Magistrate Judge construed the Complaint as asserting five claims:

1.  [A] [r]etaliation claim against Defendant Brabson for allegedly sending Plaintiff to "the hole" [in] retaliation for filing a grievance about his missing television;

2.  Negligent deprivation of property claims against Defendants Davis [(the Warden), and Officers] Hockett, Brabson, Terry, Bell, Chinn,

and Parker for allegedly failing to return Plaintiff's television, despite Chief Inspector Morrow's decision [requiring them to do so];

3. Failure to investigate claims against Defendants Parker and Davis;

4. Supervisor liability claims against Defendant Davis for allegedly being aware of and then failing to correct the other Defendants' actions; and

5. Unrelated fraud claims against Defendant Steel for allegedly stealing Plaintiff's government stimulus check and against Defendant Davis for being aware of the fraud but failing to correct it.

(Doc. 14, #114–15).

Overall, the Magistrate Judge recommended that the individual-capacity retaliation claim against Brabson proceed, along with the official-capacity claim against him to the extent that it seeks declaratory or injunctive relief. (*Id.* at #115). Beyond that, though, the R&R recommended that the Court dismiss the other claims for the following reasons. First, the R&R found that the Eleventh Amendment bars any claims for money damages against Defendant Brabson in his official capacity. (*Id.* at #116). Second, to the extent Sweeting raised retaliation claims against other Defendants, the R&R recommended dismissal because Sweeting's Complaint included only conclusory allegations directed at those other Defendants. (*Id.*). Third, the R&R determined that any negligent deprivation of property claim necessarily failed because, even if Sweeting had a cognizable interest in the television, he failed to allege that the state lacked adequate post-deprivation remedies, and as a matter of law, Ohio does have adequate remedies. (*Id.* at #117–18 (citations omitted)). Fourth, regarding the failure to investigate claims, the Magistrate Judge found that Sweeting is correct in that he has a right to file grievances against the officers. (*Id.* at #118). But Sweeting admits he was able to *file* his grievances—he just didn't like

5

the outcome. Further, Sweeting only alleges that Defendants Parker and Davis were aware of Sweeting's grievances and failed to act, and the R&R found that does not suffice for a failure to investigate claim. (*Id.* at #118–19). Fifth, the R&R recommends dismissal of the supervisor liability claims against Davis because "respondeat superior does not apply in § 1983 claims to impute liability on supervisor personnel," and Sweeting fails to otherwise plead that Davis engaged in "active unconstitutional conduct." (*Id.* at #119 (citations omitted)). Sixth, to the extent that Sweeting raised state-law claims, he only raised "threadbare assertions," which do not satisfy the *Iqbal/Twombly* pleading standard. (*Id.* at #120).

Those recommendations only addressed the claims involving the missing television though. Turning to the fraud claim regarding Sweeting's stimulus check, the R&R recommended severing that claim because it did not "arise from the same transaction or occurrence as the television claims or that it relies on the same material facts to warrant joinder." (*Id.* at #120–21). Accordingly, the Magistrate Judge recommended severing and dismissing the claim so that Sweeting could re-file it in a separate action, if he wished to do so. (*Id.* at #121–22).

As for the other pending motions, the Magistrate Judge construed the "Motion for Declaration" (Doc. 5) as a TRO request, (Doc. 14, #122). The R&R recommended denying that motion because the purpose of such an injunction is to preserve the status quo, and Sweeting's transfer request would go above and beyond that. (*Id.* at #123). And for his earlier-filed motion requesting status updates, (Doc. 6), the R&R denied that as moot because the R&R itself constituted an update, (Doc. 14, #124).

6

Finally, to the extent that some of the motions could be construed as a request for the Court to appoint counsel, the Magistrate Judge denied that request. (*Id.* at #124 (first citing Doc. 2 and then citing Doc. 6)). While the Court can appoint counsel in civil cases, that is only in exceptional circumstances, which the Magistrate Judge found lacking here. (*Id.*).

The R&R also advised Sweeting that he had fourteen days to serve specific written objections. (*Id.* at #127). Instead of objecting, though, Sweeting filed an Amended Complaint, adding retaliation allegations against three new Defendants, based on (1) their filing of a conduct report against him that disclosed his family member's personal information, and (2) their imposing a 90-day phone restriction on him. (Doc. 16, #145, 147–49). On top of that, he filed a motion asking the Clerk to file exhibits and grant various forms of relief regarding the allegedly stolen stimulus check and other funds. (Doc. 17).

## C.    Second Report and Recommendation

Because the case had been transferred to Magistrate Judge Shimeall, (Doc. 15), he issued a Supplemental R&R screening all of Sweeting's claims and addressing the latest-filed motion, (Doc. 19). In that R&R, the Magistrate Judge construed the Amended Complaint as a motion to amend and granted it considering the "early status of the case." (*Id.* at #212). And he ordered the original and amended complaints be filed together as one First Amended Complaint. (*Id.*; *see* Doc. 20).[1] Then the

---

[1] The same day that the Magistrate Judge issued the R&R, a Second Amended Complaint (Doc. 18) was docketed. Given the prison mail system, Sweeting presumably mailed that

Supplemental R&R proceeded to screen the entirety of the First Amended Complaint. (Doc. 19, #213). Beyond the five claims described previously, the R&R interpreted the newest allegations as also asserting:

> Unrelated retaliation claims against Defendants Leasure, Crabtree, and McAllister for allegedly revealing a family member's personal information and placing Plaintiff on a 90-day phone restriction as retaliation for Plaintiff contacting Defendant Davis about SOCF employee behavior.

(*Id.* at #217). In other words, Sweeting expanded on the allegations in his previous Motion for a Declaration. (*See* Doc. 5). Once again, the R&R recommended that the retaliation claim against Defendant Brabson (based on the conduct surrounding the missing television) should proceed past the screening stage, but that the Court should dismiss the remaining claims from the original Complaint for the same reasons already set forth in the initial R&R. (*Id.* at #217–18). As for the new claim, the Magistrate Judge concluded it too is misjoined, and as a result, recommended it be severed and dismissed without prejudice. (*Id.* at #218–20).

Again, the Magistrate Judge informed Sweeting that he had fourteen days in which to specifically object to those recommendations. (*Id.* at #223). Sweeting did so, (Doc. 21), but also attached a proposed amended complaint and filed two more motions. Starting with his objections, he argued that he "clearly made a[n] error by not stat[ing] a federal claim," and so the Court should give him an opportunity to correct it. (Doc. 21, #271). The claims he wished to add, though, involve the alleged

---

complaint before knowing of the Supplemental R&R (Doc. 19) and related First Amended Complaint.

8

fraud and embezzlement of his stimulus check, not the missing-television-based retaliation claim. (*Id.* at #271–72). So, alongside the Objections, he attached another proposed complaint. (Doc. 21-1). Next, he moved for sanctions against the prison library staff because they allegedly are preventing him from filing grievances, are not scanning his legal documents to file with the Court, and are withholding his legal mail. (Doc. 22, #313–14). Lastly, he requested summons be issued to Defendant Brabson. (Doc. 23).

**D.     Third Report and Recommendation**

On April 22, 2026, the Magistrate Judge issued a third R&R. (Doc. 24). That R&R addressed five pending motions: (1) "Motion to the Courts Requesting Defendants to Stop Denying [M]e Access Towards the Courts," (Doc. 11); (2) "Motion for Clerk to Submit Exhibits," (Doc. 17); (3) the Second Amended Complaint (Doc. 18); (4) the Motion for Sanctions (Doc. 22); and (5) a Request for Issuance of Summons (Doc. 23). (Doc. 24, #352). The Magistrate Judge construed the first motion as requesting a TRO again, and he recommended denying it because it involves the misjoined claims. (*Id.* at #353–54). Next, the R&R considered the exhibit request and Second Amended Complaint together as additional motions to amend. (*Id.* at #354). The R&R recommended denying these requests because, once again, the amendments involve the misjoined check claims. (*Id.* at #354–56). In the exhibit motion, Sweeting also appeared to raise an issue with the prison cashier withdrawing money from Sweeting's account. (*Id.* at #356). Because Sweeting moves in forma pauperis, however, the Magistrate Judge found those withdrawals appropriate to pay the initial

9

filing fee. (*Id.* at #356–57). Turning to the sanctions motion, the Magistrate Judge construed it as an injunction request and recommended denying it. (*Id.* at #357–58). The R&R found that Sweeting likely had not received a copy of the previous R&R because "his motion was filed within a week of that [R&R] being docketed and it will take time to arrive through the prison mail system." (*Id.* at #357). Beyond that, Sweeting failed to show he had been injured by any alleged interference with his filings because he had not missed any deadlines and had still filed multiple documents. (*Id.*). Finally, for the summons request, the Magistrate Judge determined the form was incomplete, and so directed the Clerk to send it back to Sweeting to complete. (*Id.* at #358). Once again, the Magistrate Judge warned Sweeting that he had fourteen days to object to the third R&R. (*Id.* at #360).

The following week, on April 30, 2026, Sweeting submitted a completed summons form, (Doc. 25), so the next day, Magistrate Judge Shimeall ordered the Clerk to send a copy of the First Amended Complaint (Doc. 20) to Defendant Brabson, (Doc. 26). That summons was issued on May 4, 2026. (Doc. 28).

That did not end Sweeting's filings. Since then, he has filed a motion again requesting the Court appoint counsel, (Doc. 27), which the Magistrate Judge denied "subject to renewal or reconsideration should Plaintiff's claim against Defendant Brabson survive the pleading stage," (Doc. 29). Sweeting next requested the Clerk update the docket to reflect his original demand for $7,500,000 and a jury trial, (Doc. 30), which the Magistrate Judge granted, (Doc. 32, #397). After that, Sweeting renewed his request for counsel. (Doc. 31). The Magistrate Judge again denied that

request. (Doc. 32, #398). But two weeks later, Sweeting yet again requested counsel, (Doc. 35), which the Magistrate once again denied, (Doc. 37).

On May 22, 2026, Defendant Brabson answered. (Doc. 33). Sweeting filed a response to this Answer, arguing that the Court should allow his retaliation against Brabson to proceed to trial. (Doc. 36). Brabson, however, has moved to strike that response as an impermissible pleading. (Doc. 39). Finally, on June 15, Sweeting submitted a letter asking for a new district court judge because of the perceived delay in ruling on the pending motions. (Doc. 38).

With that, the Court is prepared to review the pending motions and R&Rs.

## LEGAL STANDARD

When addressing dispositive motions, Magistrate Judges issue a Report and Recommendation. *See* Fed. R. Civ. P. 72(b). And, under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). In response to such an objection, "the district court may accept, reject, or modify the

11

recommended disposition; receive further evidence, or return the matter to the magistrate judge with instructions." *Bates*, 2023 WL 4348835, at *1 (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). And for any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

That said, Sweeting is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–22 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

## LAW AND ANALYSIS

Despite the bevy of Sweeting's motions and the Magistrate Judges' orders, Sweeting only actually objected once, to the second R&R. (Doc. 21). Moreover, while

12

Sweeting technically objects to that R&R, by way of relief he requests only "one chan[c]e to fix it [because he] never got the opportunity to clear up [his] error." (*Id.* at #271). That is not really an objection at all, though, as the R&R had already granted an opportunity to amend. (Doc. 19, #212). The problem for Sweeting is that upon screening the First Amended Complaint, the Supplemental R&R recommended it be dismissed, except for the retaliation claim against Brabson, for largely the same reasons as in the original R&R. (Doc. 19, #217–18). And Sweeting does not object to the merits of any aspect of that ruling. At any rate, in the third R&R, the Magistrate Judge reviews the merits of Sweeting's Second Amended Complaint, and finds that he still has not stated a claim. (Doc. 24, #354–56). So Sweeting has had two chances to correct the shortcomings in his pleadings, but has failed to do so. Beyond that, Sweeting does not object to any part of the Magistrate Judge's analysis. Nor does he object to the third R&R addressing his other pending motions.

In reviewing the Magistrate Judge's rulings on these various motions, though, the Court distinguishes between rulings on dispositive matters and rulings on non-dispositive matters. As to the former, because Sweeting did not object, the Court reviews the recommendations for clear error. As to the latter, though, the Court arguably need not review them at all. That said, Sweeting has repeatedly moved for counsel, notwithstanding the Magistrate Judge having already denied such requests. (Docs. 14, 29, 32, 37). So, out of an abundance of caution, the Court will also review the Magistrate Judge's handling of that non-dispositive issue. Ultimately, though,

13

the Magistrate Judge did not err in denying Sweeting's motions, whether on dispositive or non-dispositive matters.

After that, the Court addresses Sweeting's letter, (Doc. 38), which the Court construes as a request for recusal, and which the Court denies. And finally, the Court addresses the most recently filed motion, Brabson's Motion to Strike (Doc. 39). The Court agrees that Sweeting's Response to Brabson's Answer was improperly filed, and so will strike that filing.

**A.    The Court Adopts the R&Rs' Recommendations to Dismiss All of Sweeting's Claims, Except for the Retaliation Claim against Defendant Brabson.**

The Court starts by reviewing for clear error the Magistrate Judge's recommendations based on the screening of Sweeting's Complaint (Doc. 1-1) and First Amended Complaint (Doc. 20). The Court will take Sweeting's claims in the order presented in which the initial R&R (Doc. 14) discusses them, before turning to the newer retaliation claim addressed in the Supplemental R&R (Doc. 19). As a reminder, both Magistrate Judges construed Sweeting's original Complaint (Doc. 1-1) as raising the five claims below, with Magistrate Judge Shimeall construing the First Amended Complaint (Doc. 20) as adding the sixth claim below:

> 1.  A retaliation claim against Defendant Brabson for allegedly sending Plaintiff to "the hole" as retaliation for filing a grievance about his missing television;
>
> 2.  Negligent deprivation of property claims against Defendants Davis, Hockett, Brabson, Terry, Bell, Chinn, and Parker for allegedly failing to return Plaintiff's television, despite Chief Inspector Morrow's decision otherwise;
>
> 3.  Failure to investigate claims against Defendants Parker and Davis;

14

4. Supervisor liability claims against Defendant Davis for allegedly being aware of and then failing to correct the other Defendants' actions;

5. Unrelated fraud claims against Defendant Steel for allegedly stealing Plaintiff's government stimulus check and against Defendant Davis for being aware of the fraud but failing to correct it; and

6. Unrelated retaliation claims against Defendants Leasure, Crabtree, and McAllister for allegedly revealing a family member's personal information and placing Plaintiff on a 90-day phone restriction as retaliation for Plaintiff contacting Defendant Davis about SOCF employee behavior.

(Doc. 19, #216–17; *see also* Doc. 14, #114–15 (raising the same first five claims)).

1. The Court agrees that Sweeting's first claim may proceed beyond screening. (Doc. 19, #217–18; Doc. 14, #115). Sweeting attached exhibits showing that he in fact filed grievances over his missing television starting in July 2025. (Doc. 1-1, #14–21). And if he is correct that Brabson placed him in solitary confinement in response to such a grievance, that could plausibly constitute retaliation. But, while the claim generally may proceed, the Magistrate Judge was correct to note an important limitation: "[t]o the extent that Plaintiff seeks money damages from Defendant Brabson in his official capacity, the Eleventh Amendment bars recovery of monetary relief against state employees in their official capacities." (Doc. 14, #116 (citing *Maben v. Thelen*, 887 F.3d 252, 270–71 (6th Cir. 2018))). So Sweeting cannot seek monetary damages on his official-capacity claim against Brabson, although he could obtain declaratory or injunctive relief to the extent such relief is warranted.

2. The R&R did not err in recommending dismissal of the retaliation claim against the other Defendants. (Doc. 14, #116). Unlike the claim against Brabson, Sweeting offers nothing more than conclusory allegations against the other Defendants. Sweeting merely lists the other officers' names and states "they are

15

responsible for replacing my tv." (Doc. 20, #252).[2] For Brabson, however, Sweeting went a step further by alleging that Brabson "claim[ed] I signed my property sheet and I was illegally sent to the hole for a false ticket." (*Id.* at #250). Essentially, Sweeting does not connect the listed officers, beyond Brabson, to the retaliatory action. Such conclusory allegations fail to state a claim under the *Iqbal/Twombly* standard. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quotation omitted) ("We need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

3.      The Magistrate Judge did not err in finding that Sweeting failed to adequately plead his claim for negligent deprivation of property. (Doc. 14, #117–18). Even if Sweeting has some protected property interest in this television, which the Court does not determine here, "[t]o state a due process deprivation-of-property claim, a 'plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.'" *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 650 (S.D. Ohio 2023) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983)). And "[i]f a plaintiff does not plead the inadequacy of state procedures, dismissal is appropriate." *Id.* (citing *Gibbs v. Hopkins*, 10 F.3d 373, 377–78 (6th Cir. 1993)). Because Sweeting does

---

[2] As a reminder, Magistrate Judge Shimeall ordered the docketing of a First Amended Complaint (Doc. 20) as the combination of Sweeting's original Complaint (Doc. 13) and his supplemental complaint (Doc. 16), (Doc. 19, #212). Throughout this section, the Court cites to the more comprehensive First Amended Complaint (Doc. 20) because it includes both sets of allegations. So while the initial R&R technically reviewed Sweeting's original complaint, those same allegations, indeed, scans of the exact pages, are contained in the First Amended Complaint.

not plead such inadequacies here, the claim fails as a matter of law. And because it is well settled that Ohio post-deprivation remedies are adequate, he cannot fix that shortcoming. *See, e.g., Pointer v. Chambers-Smith*, No. 2:24-cv-1807, 2024 WL 4266273, at *5 (S.D. Ohio Sep. 23, 2024) ("The courts in this circuit have recognized that the Ohio Court of Claims provides an adequate remedy for inmates who believe that they have been deprived of their property.") (collecting cases), *report and recommendation adopted*, 2024 WL 4929292 (S.D. Ohio Dec. 2, 2024).

4. The Court likewise finds no clear error in the R&R's conclusion that Sweeting fails to state a claim for a failure to investigate by Defendants Parker and Davis. (Doc. 14, #118–19). Sweeting's only allegation against Parker, as chief inspector over Sweeting's grievance, is that he "did nothing but go with the staff's decision" and "denied [Sweeting's] grievances saying [Sweeting] signed the property sheet." (Doc. 20, #250). With regard to Davis, he alleges only that she "was aware of it [but] did nothing to fix it." (*Id.* at #252). Under § 1983, for a supervisor to be liable, they must have engaged in "active unconstitutional behavior"; liability "cannot be based upon 'a mere failure to act.'" *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quotation omitted). Like the Defendants in *Shehee*, because the allegations against Parker and Davis only "involve the denial of administrative grievances or the failure to act," the allegations fail to provide a basis for holding either of the two liable. *Id.*

5. The Court also finds no clear error in the recommendation to dismiss the supervisory liability claim against Davis. (Doc. 14, #119–20). Sweeting cannot hold Davis personally liable under § 1983 merely on the basis of respondeat superior.

17

*Winkler v. Madison Cnty.*, 893 F.3d 877, 898 (6th Cir. 2018). As just explained, a supervisor has liability under § 1983 only when they actively engage in unconstitutional conduct. *Shehee*, 199 F.3d at 300. To meet this standard, the defendant must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Graves v. Malone*, 810 F. App'x 414, 420 (6th Cir. 2020) (quotation omitted). Davis's mere awareness of officers' alleged behavior via the grievance system does not meet this standard. Thus, the R&R correctly recommends dismissal of this claim, too.

6.      The Magistrate Judge liberally construes Sweeting's Complaint as raising state-law claims for negligence and negligent/intentional infliction of emotional distress. (Doc. 14, #120). While the Court agrees that Sweeting *hints* at such claims, the Court finds the R&R did not err in describing them as "threadbare assertions that are insufficient to meet the basic pleading standards." (*Id.*). Thus, the Court will dismiss them, as well.

7.      Turning to the fraud claim involving Sweeting's stimulus check, the Court agrees that the claim is unrelated to the main claim in this action and thus Steel cannot be joined. (Doc. 14, #120–22). Under Federal Rule of Civil Procedure 20(a)(2), joinder of parties as defendants in one action is appropriate only when the right to relief "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences; and … any question of law or fact common to all defendants will arise in the action." Sweeting attempts to plead that Defendant Steel, who played no role in the missing-television claims, stole his government stimulus

18

check. But whether those allegations are true or false, that event is entirely unrelated to Sweeting's other five claims in this action—that the other Defendants, particularly Defendant Brabson, failed to replace his missing television. The Court agrees that "Plaintiff has not shown that the check fraud allegations arise from the same transaction or occurrence as the television claims or that it relies on the same material facts to warrant joinder." (Doc. 14, #121). So Sweeting cannot join Steel as a defendant in this matter based on that claim.

The question becomes what the appropriate remedy is. In the event of misjoinder, "a court has two options: it may (1) drop misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (citing Fed. R. Civ. P. 21). Although the district court cannot dismiss the entire action as a consequence of the misjoinder, it has discretion on which parties to drop or which claims to sever. *Id.* (citations omitted). The Magistrate Judge recommends severing the sole check-related claim and dismissing it without prejudice. (Doc. 14, #121–22).

The Court adopts the R&R's recommendation to sever and dismiss the fraud claim. (Doc. 14, #122). The Court "finds this result to be more just than directing the Clerk to automatically open cases for the severed claims because this approach allows [Sweeting] the opportunity to consider whether he would like to pursue separate actions, which could subject him to paying additional filing fees." *Alford v. Mohr*, No. 2:19-cv-1497, 2019 WL 1876776, at *2 (S.D. Ohio Apr. 26, 2019), *report and recommendation adopted,* 2019 WL 3000964 (S.D. Ohio July 10, 2019).

19

8. Turning to the newer claim addressed by the Supplemental R&R, the Court finds the Magistrate Judge did not clearly err when recommending this claim also be severed and dismissed due to misjoinder. (Doc. 19, #218–20). The new allegations assert that "Defendants Leasure, Crabtree, and McAllister retaliated against Plaintiff by filing a conduct report about Plaintiff that included his family member's personal information and then by placing Plaintiff on a 90-day phone restriction." (*Id.* at #218). Once again, there are no facts connecting this retaliation claim to the earlier retaliation claim for filing a grievance about Sweeting's missing television. So Sweeting cannot use this claim to add new defendants to this action. Again, then, the Court severs and dismisses that claim.

In sum, only Sweeting's retaliation claim against Brabson may proceed.

## B. The Court Also Adopts the Magistrate Judges' Recommendations for Sweeting's Other Pending Motions.

Beyond the various versions of his complaint, Sweeting has filed a number of other motions. To start, Sweeting had filed a "Motion for Declaration" (Doc. 5) early on in the case, which then-Magistrate Judge Deavers construed as a TRO and recommended denying. (Doc. 14, #122). As to the rest, Magistrate Judge Shimeall issued a third R&R, where he recommended denying the four motions pending at that time: (1) the "Motion to the Courts Requesting Defendants to Stop Denying Me Access Towards the Courts" (Doc. 11); (2) the "Motion for Clerk to Submit Exhibits" (Doc. 17); (3) the Second Amended Complaint (Doc. 18); and (4) the "Motion for Sanctions"

(Doc. 22).[3] Despite Sweeting's labels, these motions either request injunctive relief or seek to amend his claims, which the Court will explain further below. But first the Court must determine what standard of review applies.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "determine" any pretrial issues, except for certain specified issues, which include, for example, motions for injunctive relief. As to such motions, a magistrate judge may only issue a recommendation to the district court. *Id.* In that sense, then, motions for injunctive relief are treated as dispositive. Consistent with that labeling, if a party does not object, the Court only reviews for clear error. *Redmon*, 2021 WL 4771259, at *1. The correct treatment of motions to amend is less obvious. Rule 72 divides matters according to whether the pretrial matter is "dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). So "[s]ome courts have suggested that a magistrate judge's recommendation to deny a motion to amend a complaint should be treated as dispositive, while a recommendation to grant the same motion should be treated as non-dispositive." *S. Buffalo Dev., LLC v. PVS Chemical Sols., Inc.*, 675 F. Supp. 3d 320, 324 (W.D.N.Y. 2023) (citation omitted); *see also Smith v. Madery*, No. 2:23-cv-12703, 2025 WL 2315658, at *3 (E.D. Mich. July 22, 2025) (citation omitted) ("[T]he determination that a proposed amendment is futile is a dispositive matter."); *but see Vanicek v. Lyman-Richey Corp.*, 145 F.4th 810, 816 (8th Cir. 2025) (holding that a denial of a motion to amend to reassert punitive damages claim was non-dispositive).

---

[3] The Magistrate Judge also ruled on a sixth pending motion, Sweeting's Request for Issuance of Summons (Doc. 23).

The Court reads the statute that same way. If a ruling on the motion prevents the claim from moving forward, the ruling terminates that claim and is thus dispositive. Here, the Magistrate Judge finds that Sweeting's new claims involve misjoined parties and should be severed and dismissed, (Doc. 24, #359–60), so that conclusion would terminate those claims—at least as a part of this case. So the Court treats it as dispositive. The Court's understanding is bolstered by the Magistrate Judge's decision to only make recommendations on the motions to amend, as opposed to a final order. (*See id.*).

Accordingly, the Court will also review these recommendations, to which Sweeting did not object, for clear error. In the end, the Court finds no clear error and adopts the Magistrate Judge's recommendations on all five motions.

1.  Starting with the Motion for Declaration (Doc. 5), the first R&R recommended that the Court deny the motion, (Doc. 14, #123). In that motion, Sweeting requests a TRO based on new allegations that Defendant Davis ordered her assistant to put Sweeting's family member's name and phone number on a conduct report. (Doc. 5, #49–50). Specifically, he requests a transfer from Level 4A to Level 3A because he fears the "wrong staff" may learn this information, and he also asks to lift a related 90-day phone restriction. (*Id.*). In recommending denial of this motion, the Magistrate Judge noted that "[c]ourts must … consider whether the purpose behind preliminary injunctions—to preserve the status quo until a trial on the merits can be held—will be served in granting such a request." (Doc. 14, #122–23 (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848 (6th

Cir. 2017))). Because Sweeting's requested relief required "Defendants to affirmatively correct constitutional deficiencies yet to be proven," the Magistrate Judge concluded this relief would upset the status quo. (*Id.* at #123).

The Court finds that the motion should be denied, but for a slightly different reason. Like the Court's earlier decision adopting the Supplemental R&R's recommendation to sever similar allegations involving the conduct report and phone restriction because the parties against whom the claims are directed are misjoined, *see* supra Law & Analysis, Part A.8, the Court finds these allegations to be unrelated to the remaining missing-television claim against Brabson. While this motion does not assert these allegations in the form of a claim, the Court declines to grant injunctive relief on the basis of unrelated allegations involving misjoined parties. If Sweeting wishes to pursue injunctive relief regarding this conduct report, he may apply for that relief in a separate action directed at the appropriate parties. Thus, the Court denies Sweeting's Motion for a Declaration (Doc. 5).

2. Next, the Court finds no clear error in the recommendation to deny Sweeting's "Motion to the Courts Requesting Defendants to Stop Denying Me Access Towards the Courts" (Doc. 11). Like the previous motion, this motion asks the Court to "step in," thereby requesting some form of injunctive relief. (*Id.* at #78). And he attaches several documents from the IRS about his purportedly stolen stimulus check. (Doc. 11-1, #79–81). However, the Court is adopting the recommendation to sever the check fraud claims. And "[a] TRO motion is not the proper method for Plaintiff 'to use in an attempt to address other issues unrelated to his original

23

complaint,'" (Doc. 24, #353 (citing *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at \*3 (S.D. Ohio June 12, 2013), *report and recommendation adopted*, 2013 WL 5944082, at \*4 (S.D. Ohio Nov. 5, 2013))). Accordingly, the Court finds no clear error and so denies Sweeting's motion. (Doc. 11).

3.      The R&R reviewed Sweeting's "Motion for Clerk to Submit Exhibits" (Doc. 17) and the Second Amended Complaint (Doc. 18) together because they both seek to supplement Sweeting's claims, (Doc. 24, #354–57), so the Court opts to do the same. While Sweeting did not seek leave to file the Second Amended Complaint, the Magistrate Judge construed its filing as a motion to amend. (*Id.* at #354). The Magistrate Judge had already granted Sweeting leave to amend his complaint once. (Doc. 19, #212). Although, as a general matter, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it is well settled that the Court may properly deny leave to amend when the plaintiff's proposed amendment is futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, both motions address the alleged check fraud, (*see* Doc. 17, #164–65; Doc. 18, #174), which, at the risk of undue repetition, the Court has determined is not properly part of this action. Additionally, Sweeting raises new allegations about a 30-day commissary restriction that is also unrelated to the missing television. (Doc. 17, #165–66). Thus, the Magistrate Judge did not err in concluding that the amendment "would be futile because the Court has determined that these amended claims are misjoined." (Doc. 24, #354).

4.      Now for the final motion for this section. Sweeting moved for sanctions against several prison staff because they are preventing Sweeting from scanning and

24

submitting his legal documents before the deadline and they have not delivered the most recent R&R at the time of filing. (Doc. 22, #313–14). Once again, the Magistrate Judge construed this motion as requesting injunctive relief. (Doc. 24, #357). The Court finds no clear error in the Magistrate Judge's finding that Sweeting has not alleged any actual injury to support such relief. (*Id.* (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005))). With regard to his filings, Sweeting has not missed a deadline to date, and given the number of motions at issue here, Sweeting does not seem to have trouble accessing the Court. And as for the R&R, the Court agrees that "his motion was filed within a week of that Report and Recommendation being docketed and it will take time to arrive through the prison mail system." (*Id.*). Because Sweeting has not demonstrated any injury, he has not established any basis for sanctions or other injunctive relief.

## C.   Sweeting Is Not Entitled to Counsel.

Then there is the matter of Sweeting's repeated requests for counsel. (Docs. 2, 6, 27, 31, 35). The Court liberally construes Sweeting's multiple requests as objecting to the Magistrate Judge's previous orders declining to appoint him counsel. (Doc. 14, #124; Doc. 29; Doc. 32; Doc. 37). But the Magistrate Judge did not err in reaching that conclusion. To start, there is no constitutional right to counsel in civil matters. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). As the R&R first addressing this issue noted, "[a] court has discretion to appoint counsel in civil matters, but the appointment of counsel is a 'privilege that is justified only by exceptional circumstances.'" (Doc. 14, #124 (citing *Lanier*, 332 F.3d at 1006)). Because Sweeting

25

has identified no exceptional circumstances in this case, the Court likewise declines to appoint counsel.

**D.     Sweeting Has Not Justified His Recusal Request.**

Following that, while the Court was in the process of finalizing this Opinion and Order, Sweeting submitted a letter to the Clerk expressing frustration over what he perceived as an undue delay in ruling on his pending motions. (Doc. 38). That letter "request[ed] to remove [the undersigned] for delaying [his] pending motions." (*Id.* at #417). The Court construes that as a motion to recuse.

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Here, Sweeting has not offered any reason why the undersigned possesses any bias or prejudice against him (nor, for the record, does the Court possess any such bias or prejudice); rather he is just concerned about what he considers undue delay. And even if delay alone could justify recusal, the timeline at issue here, approximately three months since the first R&R and less for the other pending motions, would not consitute undue delay. So the Court denies Sweeting's recusal request. (Doc. 38). To the extent the letter is requesting a ruling on his motions, though, this Opinion and Order provides that ruling.

**E.     The Court Strikes Sweeting's Response to Brabson's Answer.**

Finally, Brabson moves to strike Sweeting's Response to Brabson's Answer. (Doc. 39). More specifically, on May 22, 2026, Brabson answered the First Amended Complaint. (Doc. 33). Sweeting then responded to Brabson's Answer, essentially

26

arguing that Sweeting's claim against Brabson should be allowed to proceed. (Doc. 36). Brabson seeks to strike that filing as an impermissible pleading. (Doc. 39). The Court agrees that this response is an unjustified pleading under Federal Rule of Civil Procedure 7(a). Brabson has not asserted a counterclaim, the Court has not ordered a reply, and there are no other grounds to justify this pleading. *See* Fed. R. Civ. P. 7(a). So the Court strikes Sweeting's Response (Doc. 36).

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Sweeting's Objection (Doc. 21) and **ADOPTS** the R&Rs (Docs. 14, 19, 24). Specifically, Sweeting can proceed on his retaliation claims against Brabson. Beyond that, the Court **SEVERS** the claims based on the check fraud allegations as well as those related to the phone usage conduct report. Accordingly, the Court **DISMISSES** those claims **WITHOUT PREJUDICE** so that Sweeting can refile those in a new action or actions if he wishes to do so. As for the remaining claims, though, because Sweeting has already made two attempts to amend and correct the deficiencies without success, the Court **DISMISSES** those claims **WITH PREJUDICE**. Additionally, the Court **DENIES** Sweeting's other motions, (Docs. 5, 11, 17, 18, 22, 38). Finally, the Court **GRANTS** Brabson's Motion to Strike (Doc. 39) and so **STRIKES** Sweeting's Response (Doc. 36) to Brabson's Answer.

**SO ORDERED.**

June 29, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**